IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| **JAMES JOHNSON**<br>43788 Brooklyn Terrace<br>Ashburn, VA 20147<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>**CONTEMPORARY SERVICES CORPORATION**<br>17101 Superior Street<br>Northridge, CA 91325<br><br>Serve:<br>Paracorp, Incorporated<br>1090 Vermont Avenue<br>Suite 910<br>Washington, DC 20005<br><br>and<br><br>**JOHN DOE #1**<br>[Address Unknown]<br><br>and<br><br>**JOHN DOE #2**<br>[Address Unknown]<br><br>　　　　　　Defendants. | RECEIVED AND RETURNED<br>Civil Clerk's Office<br>APR 0 9 2013<br>Superior Court of the<br>District of Columbia<br>Washington, D.C.<br><br>0002572-13<br><br>Case No. _____ |

## COMPLAINT

Plaintiff James Johnson, by is undersigned attorneys, sues Defendants Contemporary Services Corporation ("CSC"), John Doe #1 and John Doe #2, and alleges as follows:

### THE PARTIES

1. Plaintiff James Johnson is a resident of the State of Virginia.

2. Defendant CSC is a corporation incorporated in the State of California that has its principal place of business in Northridge, California.

3. Upon information and belief, at the time of the occurrence, Defendant John Doe #1 was employed by Defendant CSC as a security guard.

4. Upon information and belief, at the time of the occurrence, Defendant John Doe #1 was acting within the course and scope of his employment with Defendant CSC.

5. Upon information and belief, at the time of the occurrence, Defendant John Doe #2 was employed by Defendant CSC as a security guard.

6. Upon information and belief, at the time of the occurrence, Defendant John Doe #2 was acting within the course and scope of his employment with Defendant CSC.

## JURISDICTION

7. Jurisdiction is vested in the Court under D.C. Code § 11-921.

8. This Court has personal jurisdiction over Defendant CSC under D.C. Code § 13-423(a)(3), because through its agents, John Doe #1 and John Doe #2, it caused tortious injury in the District of Columbia by an act or omission in the District of Columbia.

9. This Court has personal jurisdiction over Defendants John Doe #1 under D.C. Code § 13-423(a)(3) because he caused tortious injury in the District of Columbia by an act or omission in the District of Columbia.

10. This Court has personal jurisdiction over Defendants John Doe #2 under D.C. Code § 13-423(a)(3) because he caused tortious injury in the District of Columbia by an act or omission in the District of Columbia.

11. The events that give rise to this action took place in the District of Columbia, where venue is claimed.

## GENERAL ALLEGATIONS

12. On May 12, 2012, Mr. Johnson was an invitee at the DC101 Chili Cook-Off at Robert F. Kennedy Memorial Stadium in the District of Columbia.

13. Mr. Johnson was making his way toward the front of the crowd when he walked toward a member of his group who was being harassed by another attendee.

14. Suddenly, Mr. Johnson was grabbed from behind by Defendants John Doe #1 and John Doe #2.

15. Defendants John Doe #1 and John Doe #2 lifted Mr. Johnson from behind, pulled him over a barricade, and threw him face-first onto the ground, causing him to sustain injuries.

16. Defendants John Doe #1 and John Doe #2 then ejected Mr. Johnson from the concert into the parking lot.

17. At all relevant times, Mr. Johnson was exercising at least ordinary care for his own safety.

18. Mr. Johnson did not take or fail to take any action that caused or contributed to his injuries.

### COUNT 1
### (Assault – John Doe #1)

19. Plaintiff adopts and incorporates by this reference paragraphs 1 through 18.

20. John Doe #1 intentionally caused Mr. Johnson to experience a reasonable apprehension of imminent physical harm and/or offensive contact by grabbing him from behind, lifting him off of the ground, pulling him over a barricade, and throwing him face-first onto the ground.

21. As a result of this apprehension, Mr. Johnson suffered pain, suffering, and mental anguish; will continue to suffer pain, suffering, and mental anguish in the future; and suffered other damages.

WHEREFORE, Plaintiff James Johnson demands judgment against Defendant John Doe #1 in the amount of five hundred thousand dollars ($500,000.00), together with interest, costs, attorneys' fees, and such other damages as may properly be awarded by this Court.

### COUNT 2
### (Assault – John Doe #2)

22. Plaintiff adopts and incorporates by this reference paragraphs 1 through 21.

23. John Doe #2 intentionally caused Mr. Johnson to experience a reasonable apprehension of imminent physical harm and/or offensive contact by grabbing him from behind, lifting him off of the ground, pulling him over a barricade, and throwing him face-first onto the ground.

24. As a result of this apprehension, Mr. Johnson suffered pain, suffering, and mental anguish; will continue to suffer pain, suffering, and mental anguish in the future; and suffered other damages.

WHEREFORE, Plaintiff James Johnson demands judgment against Defendant John Doe #2 in the amount of five hundred thousand dollars ($500,000.00), together with interest, costs, attorneys' fees, and such other damages as may properly be awarded by this Court.

### COUNT 3
### (Vicarious Liability for Assault – CSC)

25. Plaintiff adopts and incorporates by this reference paragraphs 1 through 24.

26. At all relevant times, John Doe #1 and John Doe #2 were acting as the agents, servants and/or employees of Defendant CSC.

27. At all relevant times, John Doe #1 and John Doe #2 were acting within the course and scope of their employment with Defendant CSC.

28. At all relevant times, John Doe #1 and John Doe #2 were acting in furtherance of the business of Defendant CSC.

29. Defendant CSC is liable for the wrongful acts of its employees that were committed in furtherance of the business of Defendant CSC.

30. John Doe #1 and John Doe #2 caused Mr. Johnson to experience a reasonable apprehension of imminent physical harm and/or offensive contact by grabbing him from behind, lifting him off of the ground, pulling him over a barricade, and throwing him face-first onto the ground.

31. Grabbing someone from behind, lifting him off of the ground, pulling him over a barricade, and throwing him face-first onto the ground are of the same general nature as conduct which Defendant CSC had authorized John Doe #1 and John Doe #2 to execute as security guards.

32. John Doe #1 and John Doe #2 grabbing someone from behind, lifting him off of the ground, pulling him over a barricade, and throwing him face-first onto the ground is conduct that was foreseeable by Defendant CSC.

33. As a result of experiencing a reasonable apprehension of imminent physical harm and/or offensive contact, Mr. Johnson suffered pain, suffering, and mental anguish; will continue to suffer pain, suffering, and mental anguish in the future; and suffered other damages.

WHEREFORE, Plaintiff James Johnson demands judgment against Defendant Contemporary Services Corporation in the amount of five hundred thousand dollars

($500,000.00), together with interest, costs, attorneys' fees, and such other damages as may properly be awarded by this Court.

## COUNT 4
### (Battery – John Doe #1)

34. Plaintiff adopts and incorporates by this reference paragraphs 1 through 33.

35. John Doe #1 intentionally and harmfully touched Mr. Johnson without his consent by grabbing him from behind, lifting him off of the ground, pulling him over a barricade, and throwing him face-first onto the ground.

36. As a result of this intentional and harmful touching, Mr. Johnson suffered serious bodily injuries; suffered great physical pain, suffering, and mental anguish; will continue to suffer great physical pain, suffering, and mental anguish in the future; incurred medical and other related expenses; will continue to incur medical and other related expenses in the future; lost wages; and suffered other damages.

WHEREFORE, Plaintiff James Johnson demands judgment against Defendant John Doe #1 in the amount of five hundred thousand dollars ($500,000.00), together with interest, costs, attorneys' fees, and such other damages as may properly be awarded by this Court.

## COUNT 5
### (Battery – John Doe #2)

37. Plaintiff adopts and incorporates by this reference paragraphs 1 through 36.

38. John Doe #2 intentionally and harmfully touched Mr. Johnson without his consent by grabbing him from behind, lifting him off of the ground, pulling him over a barricade, and throwing him face-first onto the ground.

39. As a result of this intentional and harmful touching, Mr. Johnson suffered serious bodily injuries; suffered great physical pain, suffering, and mental anguish; will continue to

suffer great physical pain, suffering, and mental anguish in the future; incurred medical and other related expenses; will continue to incur medical and other related expenses in the future; lost wages; and suffered other damages.

WHEREFORE, Plaintiff James Johnson demands judgment against Defendant John Doe #2 in the amount of five hundred thousand dollars ($500,000.00), together with interest, costs, attorneys' fees, and such other damages as may properly be awarded by this Court.

### COUNT 6
### (Vicarious Liability for Battery – CSC)

40. Plaintiff adopts and incorporates by this reference paragraphs 1 through 39.

41. At all relevant times, John Doe #1 and John Doe #2 were acting as the agents, servants and/or employees of Defendant CSC.

42. At all relevant times, John Doe #1 and John Doe #2 were acting within the course and scope of their employment with Defendant CSC.

43. At all relevant times, John Doe #1 and John Doe #2 were acting in furtherance of the business of Defendant CSC.

44. Defendant CSC is liable for the wrongful acts of its employees that were committed in furtherance of the business of Defendant CSC.

45. John Doe #1 and John Doe #2 intentionally and harmfully touched Mr. Johnson without his consent by grabbing him from behind, lifting him off of the ground, pulling him over a barricade, and throwing him face-first onto the ground.

46. Grabbing someone from behind, lifting him off of the ground, pulling him over a barricade, and throwing him face-first onto the ground are of the same general nature as conduct which Defendant CSC had authorized John Doe #1 and John Doe #2 to execute as security guards.

47. John Doe #1 and John Doe #2 grabbing someone from behind, lifting him off of the ground, pulling him over a barricade, and throwing him face-first onto the ground is conduct that was foreseeable by Defendant CSC.

48. As a result of this intentional and harmful touching, Mr. Johnson suffered serious bodily injuries; suffered great physical pain, suffering, and mental anguish; will continue to suffer great physical pain, suffering, and mental anguish in the future; incurred medical and other related expenses; will continue to incur medical and other related expenses in the future; lost wages; and suffered other damages.

WHEREFORE, Plaintiff James Johnson demands judgment against Defendant Contemporary Services Corporation in the amount of five hundred thousand dollars ($500,000.00), together with interest, costs, attorneys' fees, and such other damages as may properly be awarded by this Court.

### COUNT 7
### (Negligence – John Doe #1)

49. Plaintiff adopts and incorporates by this reference paragraphs 1 through 48.

50. John Doe #1 owed a duty to Mr. Johnson to exercise ordinary care in the performance of his duties as a security guard; to act in a reasonable manner in carrying out his duties; to perform his duties using common sense; and to control his mind and body so as to avoid injuring Mr. Johnson and others at the concert.

51. John Doe #1 breached his duty to Mr. Johnson by failing to exercise ordinary care in the performance of his duties as a security guard; failing to act in a reasonable manner in carrying out his duties; failing to perform his duties using common sense; and failing to control his mind and body so as to avoid injuring Mr. Johnson and others at the concert.

52. As a direct and proximate result of the above-referenced breach of duty by John Doe #1, Mr. Johnson suffered serious bodily injuries; suffered great physical pain, suffering, and mental anguish; will continue to suffer great physical pain, suffering, and mental anguish in the future; incurred medical and other related expenses; will continue to incur medical and other related expenses in the future; lost wages; and suffered other damages.

WHEREFORE, Plaintiff James Johnson demands judgment against Defendant John Doe #1 in the amount of five hundred thousand dollars ($500,000.00), together with interest, costs, attorneys' fees, and such other damages as may properly be awarded by this Court.

### COUNT 8
### (Negligence – John Doe #2)

53. Plaintiff adopts and incorporates by this reference paragraphs 1 through 52.

54. John Doe #2 owed a duty to Mr. Johnson to exercise ordinary care in the performance of his duties as a security guard; to act in a reasonable manner in carrying out his duties; to perform his duties using common sense; and to control his mind and body so as to avoid injuring Mr. Johnson and others at the concert.

55. John Doe #2 breached his duty to Mr. Johnson by failing to exercise ordinary care in the performance of his duties as a security guard; failing to act in a reasonable manner in carrying out his duties; failing to perform his duties using common sense; and failing to control his mind and body so as to avoid injuring Mr. Johnson and others at the concert.

56. As a direct and proximate result of the above-referenced breach of duty by John Doe #2, Mr. Johnson suffered serious bodily injuries; suffered great physical pain, suffering, and mental anguish; will continue to suffer great physical pain, suffering, and mental anguish in the future; incurred medical and other related expenses; will continue to incur medical and other related expenses in the future; lost wages; and suffered other damages.

WHEREFORE, Plaintiff James Johnson demands judgment against Defendant John Doe #2 in the amount of five hundred thousand dollars ($500,000.00), together with interest, costs, attorneys' fees, and such other damages as may properly be awarded by this Court.

### COUNT 9
### (Vicarious Liability for Negligence – CSC)

57. Plaintiff adopts and incorporates by this reference paragraphs 1 through 56.

58. At all relevant times, John Doe #1 and John Doe #2 were acting as the agents, servants and/or employees of Defendant CSC.

59. At all relevant times, John Doe #1 and John Doe #2 were acting within the course and scope of their employment with Defendant CSC.

60. At all relevant times, John Doe #1 and John Doe #2 were acting in furtherance of the business of Defendant CSC.

61. Defendant CSC is liable for the wrongful acts of its employees that were committed in furtherance of the business of Defendant CSC.

62. John Doe #1 and John Doe #2 owed a duty to Mr. Johnson to exercise ordinary care in the performance of their duties as security guards; to act in a reasonable manner in carrying out their duties; to perform their duties using common sense; and to control their minds and bodies so as to avoid injuring Mr. Johnson and others at the concert.

63. John Doe #1 and John Doe #2 breached their duty to Mr. Johnson by failing to exercise ordinary care in the performance of their duties as security guards; failing to act in a reasonable manner in carrying out their duties; failing to perform their duties using common sense; and failing to control their minds and bodies so as to avoid injuring Mr. Johnson and others at the concert.

64. As a direct and proximate result of the above-referenced breach of duty by John Doe #1 and John Doe #2, Mr. Johnson suffered serious bodily injuries; suffered great physical pain, suffering, and mental anguish; will continue to suffer great physical pain, suffering, and mental anguish in the future; incurred medical and other related expenses; will continue to incur medical and other related expenses in the future; lost wages; and suffered other damages.

WHEREFORE, Plaintiff James Johnson demands judgment against Defendant Contemporary Services Corporation in the amount of five hundred thousand dollars ($500,000.00), together with interest, costs, attorneys' fees, and such other damages as may properly be awarded by this Court.

### COUNT 10
### (Negligent Selection, Hiring, and/or Retention – CSC)

65. Plaintiff adopts and incorporates by this reference paragraphs 1 through 64.

66. Upon information and belief, sometime before May 12, 2012 Defendant CSC selected, hired, retained, employed, and/or contracted with the Defendants John Doe #1 and/or John Doe #2 to work as security guards at the DC101 Chili Cook-Off.

67. CSC failed to exercise reasonable care in selecting, hiring, retaining, employing, and/or contracting with John Doe #1 and/or John Doe #2.

68. At the time that CSC selected, hired, retained and/or contracted with John Doe #1 and/or John Doe #2, CSC knew or reasonably should have known that John Doe #1 and/or John Doe #2 would act negligently in the performance of their duties, and/or act in the manner described above that led to Mr. Johnson being injured.

69. As a direct and proximate result of the above-referenced negligent selecting, hiring, retaining, employing, and/or contracting with John Doe #1 and/or John Doe #2, Mr. Johnson suffered serious bodily injuries; suffered great physical pain, suffering, and mental anguish; will

continue to suffer great physical pain, suffering, and mental anguish in the future; incurred medical and other related expenses; will continue to incur medical and other related expenses in the future; lost wages; and suffered other damages.

WHEREFORE, Plaintiff James Johnson demands judgment against Defendant Contemporary Services Corporation in the amount of five hundred thousand dollars ($500,000.00), together with interest, costs, attorneys' fees, and such other damages as may properly be awarded by this Court.

### COUNT 11
### (Negligent Training – CSC)

70. Plaintiff adopts and incorporates by this reference paragraphs 1 through 69.

71. Upon information and belief, sometime before May 12, 2012 Defendant CSC selected, hired, retained, employed, and/or contracted with the Defendants John Doe #1 and/or John Doe #2 to work as security guards at the DC101 Chili Cook-Off.

72. CSC failed to exercise reasonable care in training John Doe #1 and/or John Doe #2 to perform their duties as security guards.

73. As a direct and proximate result of the above-referenced negligent training of John Doe #1 and/or John Doe #2, Mr. Johnson suffered serious bodily injuries; suffered great physical pain, suffering, and mental anguish; will continue to suffer great physical pain, suffering, and mental anguish in the future; incurred medical and other related expenses; will continue to incur medical and other related expenses in the future; lost wages; and suffered other damages.

WHEREFORE, Plaintiff James Johnson demands judgment against Defendant Contemporary Services Corporation in the amount of five hundred thousand dollars ($500,000.00), together with interest, costs, attorneys' fees, and such other damages as may properly be awarded by this Court.

## COUNT 12
### (Punitive Damages – All Defendants)

74. Plaintiff adopts and incorporates by this reference paragraphs 1 through 73.

75. At all relevant times, John Doe #1 and John Doe #2 were acting as the agents, servants and/or employees of Defendant CSC.

76. At all relevant times, John Doe #1 and John Doe #2 were acting within the course and scope of their employment with Defendant CSC.

77. At all relevant times, John Doe #1 and John Doe #2 were acting in furtherance of the business of Defendant CSC.

78. Defendant CSC is liable for the wrongful acts of its employees that were committed in furtherance of the business of Defendant CSC.

79. The tortious actions described above of John Doe #1 and John Doe #2, each individually and as agents, servants and/or employees of CSC demonstrates evil motive; actual malice; deliberate violence or oppression, and/or an intent to injure; and/or a willful disregard for the rights of Mr. Johnson.

80. The tortious actions described above of John Doe #1 and John Doe #2, each individually and as agents, servants and/or employees of CSC constitute conduct that is outrageous; grossly fraudulent; and/or reckless toward the safety of Mr. Johnson.

81. The tortious actions described above of John Doe #1 and John Doe #2, each individually and as agents, servants and/or employees of CSC were without legal justification or excuse.

WHEREFORE, Plaintiff James Johnson demands a judgment of punitive damages against Defendants Contemporary Services Corporation, John Doe #1 and John Doe #2, jointly and severally, in the amount of five hundred thousand dollars ($500,000.00), together with

interest, costs, attorneys' fees, and such other damages as may properly be awarded by this Court.

Respectfully submitted,

MESIROW & STRAVITZ, PLLC

By: _____
Eric N. Stravitz (Unified Bar No. 438093)
1307 New Hampshire Avenue, NW
Suite 400
Washington, DC 20036
O: (202) 463-0303
F: (202) 861-8858 fax
E: eric@metroDClaw.com

By: _____
Michael C. Martin, II (D.C. Bar No. 1000657)
1307 New Hampshire Avenue, NW
Suite 400
Washington, DC 20036
O: (202) 463-0303
F: (202) 861-8858 fax
E: michael@metroDClaw.com

*Counsel for Plaintiff*

## REQUEST FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues of fact herein.

_____
Eric N. Stravitz